STATE OF NEBRASKA, APPELLEE, v. JESSIE BROWN, APPELLANT.

233 N. W. 2d 923

Filed October 23, 1975. No. 39847.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and Robert C. Sigler, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

The defendant, Jessie Brown, was convicted in the District Court for Douglas County, Nebraska, of the offense of possession of a controlled substance with intent to deliver, and was sentenced to the custody of the Director of the Department of Correctional Services for a term of 10 years. He has appealed his conviction and sentence to this court, assigning as error that certain evidence received in the trial of his case to the court, to wit, heroin, which had been obtained by the Omaha police department in a search of the premises at 1538 North 18th Street, Omaha, Nebraska, pursuant to a search warrant, was obtained in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, and therefore the trial court erred in overruling defendant's motion to suppress the evidence, and in denying defendant's motion for a new trial. Specifically, defendant attacks the validity of the search warrant involved in the search by the police, and the sufficiency of the affidavit which was the basis for the issuance of the search warrant. We affirm.

This is a companion case to State v. Graves and State v. Roach, 193 Neb. 797, 229 N. W. 2d 538 (1975), and the

operative facts in all these cases are substantially the same. Defendant was arrested at the same time and place as Gizelle Pearle Graves and Donald Lee Roach, all of whom were found in the premises at 1538 North 18th Street during the search of those premises by the police. The evidence seized at the time of the arrest was used against them, as well as against the defendant Brown. All three individuals were subsequently charged with the offense of possession of a controlled substance with intent to deliver, but subsequently the charges against Graves and Roach were reduced and they were charged only with the offense of possession of a controlled substance. The three cases were originally consolidated for trial but the court later entered a severance, and the cases were tried separately. All three defendants were convicted, and appealed to this court. The cases of State v. Graves and State v. Roach, *supra*, have already been appealed and decided. In their consolidated appeals, Roach and Graves made the same arguments challenging the sufficiency of this very same affidavit. In an opinion by Spencer, J., this court rejected Graves' and Roach's attacks on the affidavit, and sustained their convictions. The affidavit in question is set out in the opinion in State v. Graves and Roach, *supra*, and will not be repeated here. That opinion is controlling in this case.

Since this court has already upheld the sufficiency of the affidavit in question, there is no reason to reach a different result in this case. Defendant's conviction must be affirmed.

AFFIRMED.

WHITE, C. J., not participating.

McCown, J., dissenting.

See my dissent in State v. Graves and State v. Roach, 193 Neb. 797, 229 N. W. 2d 538.